UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| AMELIA SIMON | CIVIL ACTION NO. 6:13-cv-00187 |
| VERSUS | JUDGE DOHERTY |
| EXPRESS SCRIPTS, INC. AND TOWER LIFE INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Currently pending before the Court is plaintiff Amelia Simon's motion to remand. (Rec. Doc. 22). The motion is opposed. (Rec. Doc. 25). Oral argument was held before the undersigned on April 30, 2013. For the reasons set forth below, the motion is denied.

### BACKGROUND

This lawsuit was originally filed in the 15th Judicial District Court, Lafayette Parish, Louisiana. (Rec. Doc. 1-2 at 2-5). In her complaint, the plaintiff alleges that, from 2008 through 2011, she was covered by a health insurance policy issued by Tower Life Insurance Company and provided by her husband's employer, Smith International, Inc. (Rec. Doc. 1-2 at ¶¶ 2, 13). Defendant Express Scripts, Inc. ("ESI") showed that Smith International established a self-funded group medical plan and acted as both the sponsor and administrator of the plan. (Rec. Doc. 13-2 at 5).

Defendant Tower Life was the plan's claims administrator (Rec. Doc. 13-2 at 5), and ESI served as the plan's pharmacy benefit manager. (Rec. Doc. 13-2 at 65).

The plaintiff alleges that, in 2006, she was diagnosed with a thyroid disease as well as with manic depression and schizophrenia bipolar disorders. (Rec. Doc. 1-2 at ¶ 3). She further alleges that, in 2011, ESI began to deny her requests that valid prescriptions be filled. (Rec. Doc. 1-2 at ¶ 4). She claims that ESI was negligent in failing to fill her prescriptions (Rec. Doc. 1-2 at ¶ 8); she claims that ESI breached a contract with her by failing to timely fill her prescriptions (Rec. Doc. 1-2 at ¶ 12); and she claims that she was damaged by ESI's failure to fill her prescriptions (Rec. Doc. 1-2 at ¶¶ 9-11, 15).

The defendants removed the action to this forum, alleging that this court has subject matter jurisdiction because there is a federal question under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and alternatively, because the parties are diverse in citizenship and the amount in controversy exceeds the statutory threshold. (Rec. Doc. 1). Both defendants then filed motions to dismiss, arguing that the plaintiff's claims are preempted by ERISA. (Rec. Docs. 13 and 14). The plaintiff then filed a motion to voluntarily dismiss her claims against Tower Life (Rec. Doc. 20), which was granted (Rec. Doc. 24). The plaintiff then filed the instant motion to remand, arguing that the dismissal of her

claims against defendant Tower Life precluded federal question jurisdiction and also arguing that the amount in controversy was less than necessary to support diversity jurisdiction.  (Rec. Doc. 22).

## ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts have subject matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4]  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5]  The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[4] *Howery v. Allstate*, 243 F.3d at 916.

[5] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

federal-court jurisdiction.[6] The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[7] When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal jurisdiction exists.[8] Accordingly, ESI, the removing party, has the burden of establishing that this court has jurisdiction over this matter.

Upon removal, ESI asserted that this court has both federal question jurisdiction and, alternatively, diversity jurisdiction. Whether a claim arises under federal law is typically determined by the well-pleaded complaint rule.[9] Under that rule, federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.[10] In this case, the plaintiff's complaint

---

[6] *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[7] *Howery v. Allstate Ins. Co.*, 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[8] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[9] *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d 411, 416 (5th Cir. 2008); *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 543 (5th Cir. 2005).

[10] *PCI v. Fort Worth*, 418 F.3d at 543.

contains no reference to any federal statute. Therefore, no federal question is presented on the face of her complaint.

However, the Supreme Court has recognized two exceptions to this rule. Under these exceptions, federal-question jurisdiction exists when Congress expressly provides for removal and when a federal statute wholly displaces a state-law cause of action through complete preemption.[11] Complete preemption is jurisdictional in nature and consequently authorizes removal to federal court even if the complaint solely asserts state-law claims.[12] Significantly with regard to this lawsuit, "ERISA provides one such area of complete preemption."[13]

There are two types of ERISA preemption.[14] First, ERISA's express preemption clause states that with certain exceptions, ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ."[15] Second, ERISA's civil enforcement provision establishes a comprehensive civil enforcement scheme that would be completely undermined if

---

[11] *PCI v. Fort Worth*, 418 F.3d at 543.

[12] *PCI v. Fort Worth*, 418 F.3d at 543.

[13] *McAteer v. Silverleaf Resorts, Inc.*, 514 F.3d at 416. See also, *Woods v. Texas Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006).

[14] *Woods v. Texas Aggregates,* 459 F.3d at 602.

[15] 29 U.S.C. § 1144(a).

ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.[16] Accordingly, a state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with Congress's intent to make ERISA exclusive and is, for that reason, preempted.[17]

In this case, the plaintiff contends that she has presented only state-law claims. She also contends that her dismissal of her claims against Tower Life leave only state-law claims pending against ESI. ESI contends that the plaintiff's employee benefit plan is covered by ERISA, and the plaintiff made no attempt to refute that contention until her reply brief, where she argues that "ESI's failure to fill prescriptions was in no way related to her plan benefits." (Rec. Doc. 29 at 5). Further, she states: "Simon's claim does not seek to recover ERISA benefits, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan; instead, Simon's claims seek damages for a pharmacy, ESI's, negligent failure to timely fill a prescription upon presentment." (Rec. Doc. 29 at 6). The plaintiff's reply brief makes no reference to her breach of contract claim

---

[16] 29 U.S.C. § 1132(a), *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 797 (5th Cir. 2008); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-09 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

[17] *DuPont v. Sawyer*, 517 F.3d at 797.

against ESI, arguing that "her cause of action derives solely from ESI's negligent breach of duty." (Rec. Doc. 29 at 6).

Whether a particular plan is an ERISA plan is a factual issue.[18] ERISA defines an employee benefit plan as "any plan, fund, or program. . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . . ."[19] A particular plan qualifies as an ERISA plan if the plan (1) exists, (2) does not fall within the safe harbor exclusion established by the Department of Labor, and (3) meets the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting the plan participants.[20]

First, this plan clearly exists. (Rec. Doc. 13-2). Second, it does not fall within the safe harbor provision. To be exempt from ERISA under the safe harbor provision, all of the following criteria must be met: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit

---

[18] *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000).

[19] 29 U.S.C. § 1002(1).

[20] *McNeil v. Time Ins. Co.*, 205 F.3d at 189, citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993).

from the plan.[21] Here, Smith International established a self-funded group medical plan and acted as both the sponsor and administrator of the plan. (Rec. Doc. 13-2 at 5). Tower Life was the plan's claims administrator (Rec. Doc. 13-2 at 5), and defendant Express Scripts, Inc. ("ESI") served as the plan's pharmacy benefit manager. (Rec. Doc. 13-2 at 65). Thus, this plan does not fit within the safe harbor exemption. Third, Smith International is an employer that established the plan for the purpose of benefitting the plan's participants. Finally, the plan expressly states that it is an ERISA plan, declaring that "[i]t is intended that the Plan will conform to the requirements of ERISA, as it applies to employee welfare plan."[22] Therefore, the undersigned finds that the plan at issue in this lawsuit is an ERISA plan.

The United States Supreme Court, in *Metropolitan Life Ins. Co. v. Taylor*,[23] held that when a lawsuit relates to an employee benefit plan and is based upon a law of general application that is not a law regulating insurance, the suit is preempted by ERISA. That decision also held that a suit by a beneficiary to recover benefits from a covered plan falls directly under § 502(a)(1)(B) of ERISA, which provides an

---

[21] *Meredith v. Time Ins. Co.*, 980 F.2d at 355.

[22] Rec. Doc. 25-1 at 105, 107.

[23] *Pilot Life v. Dedeaux*, 481 U.S. at 62.

exclusive federal cause of action for the resolution of such disputes.[24] When such a claim is stated in a state-court petition, complete preemption occurs and the action may be removed to federal court.[25] "If complete preemption exists. . . a plaintiff's state claims are subject to removal under federal question jurisdiction, and ERISA offers the sole framework for relief."[26]

Here, the plaintiff's petition contains claims against Tower Life and ESI that can easily be interpreted as claims by a beneficiary to recover benefits under a covered plan. Therefore, the undersigned finds that, at the time of removal, this Court had subject-matter jurisdiction over this action because the petition implicitly stated a federal question. Having found subject-matter jurisdiction based upon a federal question, there is no need to analyze whether there might also be subject-matter jurisdiction based upon diversity of citizenship. Further discussion of diversity jurisdiction is, therefore, pretermitted.

The plaintiff's post-removal dismissal of her claim against Tower Life did not relieve this Court of subject-matter jurisdiction. "The existence of subject matter

---

[24] *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. at 62-63.

[25] *Degan v. Ford Motor Co.*, 869 F.2d 889, 893 (5th Cir. 1989); *Posey v. Standard Ins. Co.*, 584 F.Supp.2d 903, 904 (W.D. La. 2008).

[26] *Nixon v. Vaughn*, No. 2:12-CV-00308, 2012 WL 4961461, at *4 (W.D. La. Oct. 16, 2012).

jurisdiction is determined at the time of removal."[27] Consistently, the jurisprudence is clear that most events that occur after removal will not defeat jurisdiction.[28] Jurisdiction is evaluated "by looking at the complaint at the time the petition for removal is filed. . . . [W]hen there is a subsequent narrowing of the issues such that the federal claims are eliminated and only pendent state claims remain, federal jurisdiction is not extinguished."[29] Even a plaintiff's amending his complaint to omit all federal-law claims will not defeat a federal court's jurisdiction over a properly removed case.[30] Instead, the question then becomes whether the federal court should retain the pendant claims or remand the action to state court, and that question is left to the court's discretion. "A federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated and only pendent state-law claims remain."[31] Therefore, even if the plaintiff in this case had not asserted an ERISA claim against ESI, which has not yet been determined, this

---

[27] *In re Bissonnet Investments LLC*, 320 F.3d 520, 525 (5th Cir. 2003).

[28] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).

[29] *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

[30] *Hook v. Morrison Milling Co.*, 38 F.3d 776, 780 (5th Cir. 1994); *Jones v. Houston Independent School District*, 979 F.2d 1004, 1007 (5th Cir. 1992).

[31] *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir.1991). See also, *Brown v. Southwestern Bell*, 901 F.2d at 1254.

Court would have discretion to retain jurisdiction over the remaining state-law claims or to remand the action to state court.

In this case, ESI filed a motion to dismiss that has not yet been ruled upon. Contemporaneously with resolving this motion to remand, the undersigned is permitting additional briefing with regard to the merits of the motion to dismiss. Accordingly, the undersigned will exercise his discretion, retain the claims against ESI, and deny the plaintiff's motion to remand.

## CONCLUSION

Evaluating subject-matter jurisdiction as of the time of removal, the undersigned concludes that the plaintiff's ERISA claim against Tower Life provided this Court with subject-matter jurisdiction based on a federal question. Although the plaintiff's claims against Tower Life were dismissed, this Court continues to have subject-matter jurisdiction over this action. Exercising permissible discretion, the undersigned declines to remand the action to state court. For these reasons, the plaintiff's motion to remand (Rec. Doc. 22) is DENIED.

Signed at Lafayette, Louisiana on May 1, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE