UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

AMELIA SIMON — CIVIL ACTION NO. 6:13-cv-00187

VERSUS — JUDGE DOHERTY

EXPRESS SCRIPTS, INC. AND TOWER LIFE INSURANCE COMPANY — MAGISTRATE JUDGE HANNA

**REPORT AND RECOMMENDATION**

Pending before the Court is defendant Express Scripts, Inc.'s motion to dismiss the plaintiff's complaint. (Rec. Doc. 13). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 19). An opposition brief was filed by the plaintiff (Rec. Doc. 27) after the deadline for submitting an opposition had already passed. Oral argument was held on April 30, 2013, the motion was taken under advisement, and the parties were ordered to submit additional briefs. (Rec. Doc. 34). The parties complied and timely submitted post-hearing briefs. (Rec. Docs. 36, 37). Considering the briefs, the arguments of counsel, and the applicable law, and for the reasons explained below, the undersigned recommends that the motion be granted to the extent that the plaintiff's claims under state law are

preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

## BACKGROUND

This lawsuit was originally filed in the 15th Judicial District Court, Lafayette Parish, Louisiana. (Rec. Doc. 1-2 at 2-5). In her complaint, the plaintiff, Amelia Simon, alleges that, from 2008 through 2011, she was covered by a health insurance policy issued by Tower Life Insurance Company and provided by her husband's employer, Smith International, Inc. (Rec. Doc. 1-2 at ¶¶ 2, 13). In its responsive pleadings, the defendant established that Smith International established a self-funded group medical plan and acted as both the sponsor and administrator of the plan. (Rec. Doc. 13-2 at 5). Tower Life was the plan's claims administrator (Rec. Doc. 13-2 at 5), and defendant Express Scripts, Inc. ("ESI") served as the plan's pharmacy benefit manager. (Rec. Doc. 13-2 at 65).

The plaintiff alleges that, in 2006, she was diagnosed with a thyroid disease, manic depression, and schizophrenia bipolar disorder. (Rec. Doc. 1-2 at ¶ 3). In 2011, ESI allegedly began to deny her requests that valid prescriptions be filled. (Rec. Doc. 1-2 at ¶ 4). She claims that ESI was negligent in failing to fill her prescriptions (Rec. Doc. 1-2 at ¶ 8), breached a contract with her by failing to timely

fill her prescriptions (Rec. Doc. 1-2 at ¶ 12), and caused resulting damages (Rec. Doc. 1-2 at ¶¶ 9-11, 15).

The defendants removed the action, alleging that the court has subject-matter jurisdiction because there is a federal question under ERISA, and alternatively, because the parties are diverse in citizenship and the amount in controversy exceeds the statutory threshold. (Rec. Doc. 1). ESI then filed a motion to dismiss the plaintiff's claims, asserting that all of the claims are purported to be state-law claims that are preempted by ERISA and consequently must be dismissed, leaving the plaintiff's sole remedy – if any – under ERISA. (Rec. Doc. 13). Tower Life filed a similar motion to dismiss. (Rec. Doc. 14). The plaintiff then filed a motion to voluntarily dismiss her claims against Tower Life (Rec. Doc. 20), which was granted (Rec. Doc. 24).

The plaintiff also filed a motion to remand, implicitly arguing that the dismissal of her claims against Tower Life precluded federal-question jurisdiction and that the amount in controversy was less than necessary to support diversity jurisdiction. (Rec. Doc. 22). The undersigned found that, at the time of removal, the plaintiff's claim against Tower Life provided the court with subject-matter jurisdiction based on a federal question, and the motion to remand was denied. (Rec. Doc. 33). Diversity jurisdiction was not evaluated. (Rec. Doc. 33). Now, the undersigned must

determine whether the plaintiff's claims under state law are preempted by ERISA, and consequently, should be dismissed.

## ANALYSIS

### A. THE STANDARD FOR ANALYZING THE DEFENDANT'S MOTION UNDER RULE 12(B)(6)

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4] *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a

---

6 *Bell Atlantic v. Twombly*, 127 U.S. at 570.

7 *Bell Atlantic v. Twombly,* 127 U.S. at 555.

8 *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

9 *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

10 *Bell Atlantic v. Twombly*, 127 U.S. at 570.

11 *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

State-law claims that are preempted by ERISA are "subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6)."[14] Therefore, the undersigned must determine whether the plaintiff's claims against ESI are preempted by ERISA.

## B. <u>THE PLAINTIFF'S STATE-LAW CLAIMS ARE PREEMPTED BY ERISA</u>

"There are two types of ERISA preemption. First, ERISA's express preemption clause states that, with certain exceptions, ERISA 'shall supercede any and all State

---

12 *Ashcroft v. Iqbal*, 129 S.Ct. at 1950.

13 *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556. See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

14 *Dickens v. Prudential Ins. Co. of America*, No. Civ. A 05-1785, 2006 WL 845601, at *3 (W.D. La. Mar. 28, 2006). See, also, *McNeil v. Time Ins. Co*., 205 F.3d 179, 191 (5th Cir. 2000) (affirming the district court's dismissal of state-law claims that were preempted by ERISA); *Barrientos v. Reliance Standard Life Ins. Co*., 911 F.2d 1115, 1116 (5th Cir. 1990) (same); *Best Intern. U.S.A. v. Tucker and Clark*, No. 3:99CV-1556-BC, 2000 WL 819408, at *5 (N.D. Tex. June 12, 2000)("because the Court has concluded that each. . . state law claim[] is preempted by ERISA, . . . [the] motion to dismiss those claims pursuant to Rule 12(b)(6) is GRANTED"); *Clauder v. Sears, Roebuck and Co*., 805 F.Supp. 445, 448 (E.D. Tex. 1992) (dismissing the plaintiff's state-law claims because they are preempted by ERISA); *Brown v. Maxxam Inc*., No. 90-1468, 1991 WL 13918, at *3 (E.D. La. Jan. 28, 1991) (same).

laws insofar as they may now or hereafter relate to any employee benefit plan. . . .'"[15] Second, ERISA's civil enforcement provision establishes a comprehensive civil enforcement scheme that would be undermined if participants and beneficiaries in an ERISA plan were free to obtain remedies under state law.[16] Accordingly, a state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with Congress's intent to make ERISA exclusive and is, for that reason, preempted.[17]

In this case, the plaintiff contends that she has presented only state-law claims. More particularly, she contends that the dismissal of her claims against Tower Life leave only state-law claims pending against ESI. ESI contends that the plaintiff's employee benefit plan is covered by ERISA and that the plaintiff's claims are preempted by ERISA. The plaintiff made no attempt to address the plan's attributes or to show that the subject plan is not governed by ERISA.

Whether a particular plan is an ERISA plan is a factual issue.[18] ERISA defines an employee benefit plan as "any plan, fund, or program. . . established or maintained

---

15 *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 797 (5th Cir. 2008), quoting 29 U.S.C. § 1144(a).

16 29 U.S.C. § 1132(a); *DuPont v. Sawyer*, 517 F.3d at 797. See, also, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-09 (2004); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).

17 *DuPont v. Sawyer*, 517 F.3d at 797.

18 *McNeil v. Time Ins. Co.*, 205 F.3d at 189.

by an employer. . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . . ."[19] A plan qualifies as an ERISA plan if it (1) exists, (2) does not fall within the safe-harbor exclusion, and (3) was established or maintained by an employer for the purpose of benefitting the plan participants.[20]

First, this plan clearly exists. (Rec. Doc. 13-2). Second, it does not fall within the safe-harbor exclusion. To be exempt from ERISA under that exclusion, all of the following criteria must be met: (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan.[21] Here, Smith International established a self-funded group medical plan and acted as both the sponsor and administrator of the plan (Rec. Doc. 13-2 at 5), while Tower Life was the plan's claims administrator (Rec. Doc. 13-2 at 5), and ESI was its pharmacy benefit manager. (Rec. Doc. 13-2 at 65). Thus, at a minimum, the first and third criteria are not met, and the plan does not fit within the safe-harbor

---

19 29 U.S.C. § 1002(1).

20 *McNeil v. Time Ins. Co.*, 205 F.3d at 189, citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993).

21 *Meredith v. Time Ins. Co.*, 980 F.2d at 355.

exemption. Third, Smith International is an employer that established the plan for the purpose of benefitting the plan's participants. Finally, the plan expressly states that it is an ERISA plan, declaring that "[i]t is intended that the Plan will conform to the requirements of ERISA, as it applies to employee welfare plan."[22] Therefore, the undersigned finds that the plan relevant to this lawsuit is an ERISA plan.

"It is well established that state law claims are preempted if they 'relate to' an ERISA plan."[23] When a lawsuit relates to an employee benefit plan and is based upon a law of general application that is not a law regulating insurance, the suit is preempted by ERISA.[24] Also, a suit by a beneficiary to recover benefits from a covered plan falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for the resolution of such disputes.[25] When such a claim is stated in a state-court petition, complete preemption occurs and the action may be removed to federal court. "If complete preemption exists. . . a plaintiff's state

---

22 Rec. Doc. 25-1 at 105, 107.

23 *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000).

24 *Degan v. Ford Motor Co.*, 869 F.2d at 893.

25 *Degan v. Ford Motor Co.*, 869 F.2d at 893.

claims are subject to removal under federal question jurisdiction,[26] and ERISA offers the sole framework for relief."[27]

Here, the plaintiff's petition contains claims against ESI that can easily be interpreted as claims by a beneficiary to recover benefits under a covered plan. "[T]he U.S. Fifth Circuit Court of Appeals has held that, where a plaintiff has limited herself to state law claims that are preempted by ERISA and has not sought to add any claims under ERISA, such state law claims are not only subject to removal but are also subject to dismissal or judgment on the pleadings."[28] Furthermore, "[t]hough one might try to infer claims for benefits under ERISA, [plaintiff's] repeated disavowal of such a claim ultimately dooms any such inference."[29]

In this case, the plaintiff does not argue that the plan is not an ERISA plan, nor does she dispute the fact that ESI was the pharmacy benefits manager for the plan. Still, she insists that "ESI's refusals to timely fill Simons's prescriptions were not related to a denial of an ERISA plan's benefits" (Rec. Doc. 36 at 5); that her "cause

---

[26] In this case, the undersigned has already found that the plaintiff's claims were properly removed. (Rec. Doc. 33).

[27] *Nixon v. Vaughn*, No. 2:12-CV-00308, 2012 WL 4961461, at *4 (W.D. La. Oct. 16, 2012).

[28] *Perry v. Prudential Co. of America*, No. 11-559-CN, 2012 WL 253403, at *3 (M.D. La. Jan. 26, 2012), citing *Quality Infusion Care Inc. v. Humana Health Plan of Texas, Inc.*, 290 Fed. App'x 671, 682 (5th Cir. 2008).

[29] *Quality Infusion Care v. Humana*, 290 Fed. App'x at 682.

of action arose solely out of a defendant's negligence and/or intentional tort, which were not predicated upon or related to the type of benefit plan plaintiff had" (Rec. Doc. 36 at 6); that she seeks "damages for a pharmacy, ESI's, failure to timely fill a prescription upon presentment" (Rec. Doc. 36 at 6); that her "state law claim is not connected with or referenced to the type of employment benefit plan she has" (Rec. Doc. 36 at 7); that she "seeks coverage for ESI's negligent failure to timely fill plaintiff's prescriptions, which was not due to or related to a denial of benefits under her benefit plan" (Rec. Doc. 36 at 8); and that "[r]egardless of whether Simon wanted to pay for the treatment herself or get her insurance to cover it, ESI refused to fill the prescriptions" (Rec. Doc. 36 at 9). Thus, she has repeatedly refused to articulate her claims as arising under ERISA.

But the only conceivable reason that the plaintiff submitted her prescriptions to ESI is because ESI was the plan's pharmacy benefits manager. No other explanation has been offered to explain why the plaintiff asserted a claim against ESI when her prescriptions were not filled. She alleges that ESI is a pharmacy, but did not refute the fact that ESI was the plan's pharmacy benefit manager. "A state law claim is not independent of ERISA if interpretation of the plan terms comprises an essential part of the claim and liability exists only because of the administration of the

ERISA plan."[30] Therefore, when liability potentially exists only because of the administration of an ERISA plan, the plaintiff's claim is completely preempted by ERISA.[31]

That is the situation presented here. The plaintiff was covered under an ERISA plan and she asserted a claim against the plan's pharmacy benefits manager, alleging that her prescriptions were not filled. She insists that only state-law claims were asserted but no factual basis for a state-law claim was set forth in her complaint. The only logical conclusion is that her claim is one for benefits under the plan, which either should have been couched in terms of an ERISA claim or must now be dismissed.

When state-law contract or tort claims relate to an employee benefit plan, they are preempted by ERISA, and when beneficiaries bring such claims to recover benefits from a covered plan, the claims fall under ERISA's 29 U.S.C. § 1132(a)(1)(B), which provides an exclusive federal cause of action for the resolution of such claims.[32] There is no way to read the plaintiff's claim against ESI except as

---

[30] *Buelow v. Gardner Denver, Inc.*, No. 09-0806, 2010 WL 148613, at *7 (W.D. La. Jan. 11, 2010), citing Aetna Health, Inc. v. Davila, 542 U.S. 200, 213 (2004).

[31] *Buelow v. Gardner Denver, Inc.*, 2010 WL at *7-8.

[32] *Degan v. Ford Motor Co.*, 869 F.2d at 893.

a claim related to an employee benefit plan that seeks the recovery of benefits from the plan. Accordingly, the undersigned finds that the claim is preempted by ERISA.

"The Fifth Circuit has held that it is an abuse of discretion for a district court to dismiss a case involving only state law claims preempted by ERISA where a plaintiff has requested the opportunity to amend his complaint to add ERISA claims, and the district court does not allow him the opportunity to do so prior to dismissing the case."[33] The plaintiff has not requested the opportunity to amend her petition to restate her claims as falling under ERISA. Under these circumstances, the undersigned concludes that it is appropriate to dismiss her state law claims on the basis that they are preempted by ERISA, but will afford the plaintiff an opportunity to restate them as ERISA claims.

## CONCLUSION

The undersigned finds that the plaintiff's claims against ESI relate to an employee benefits plan. Therefore, the undersigned finds that the claims are preempted by ERISA. Accordingly, the undersigned recommends that ESI's motion to dismiss (Rec. Doc. 13) be granted, the plaintiff's state law claims against ESI be

---

33 *Adobbati v. Guardian Life Ins. Co. of America*, 213 F.3d 638 (5th Cir. 2000).

dismissed and that the plaintiff be given an opportunity to amend her complaint to re-state her claims under ERISA.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on June 11, 2013.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE