**RECEIVED**

SEP 2 3 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| AMELIA SIMON | CIVIL ACTION NO. 13-0187 |
| VERSUS | JUDGE DOHERTY |
| EXPRESS SCRIPTS, INC., ET AL. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the "Motion to Dismiss Plaintiff's Claims" [Doc. 13] filed by defendant Express Scripts, Inc. ("ESI") be granted. Specifically, the magistrate judge finds the plaintiff's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA), 29 U.S.C. §1001, *et seq*. Because the plaintiff has asserted only state law claims in her complaint, and has asserted no claims under ERISA (and no other federal claims), the magistrate judge recommends all of the plaintiff's claims be dismissed, but that the plaintiff be permitted to amend her complaint to re-state her claims under ERISA.

Plaintiff Amelia Simon filed an Objection to the Report and Recommendation [Doc. 39][1], and ESI filed a Response [Doc. 40] to the Objection. After this Court's *de novo* review of the issues presented, this Court ADOPTS the findings of the magistrate judge and concludes the motion to dismiss should be granted, and the plaintiff's claims – couched as they are under state law – should be dismissed, but the plaintiff should be permitted an opportunity to amend her complaint to re-state her claims under ERISA. Consequently, the "Motion to Dismiss Plaintiff's Claims" [Doc. 13] is

---

[1] Plaintiff improperly styled her Objection as an "Appeal."

GRANTED, however the case is not closed at this juncture, for the reasons more fully discussed below.

## I.       Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a *de novo* determination of those portions of the [magistrate judge's] report [and recommendation] or specified proposed findings or recommendations to which objection is made."  Section 636(b)(1) further states "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."

Notwithstanding the foregoing standard, it appears where the objecting party asserts only general or vague objections, and does not pinpoint specific objections to specific findings of the magistrate judge, the district court is not bound to conduct a *de novo* review of the magistrate judge's findings.  Indeed, under Rule 72(b)(2) of the Federal Rules of Civil Procedure, a party is required to object to the Report and Recommendation of a magistrate judge by filing "specific written objections to the proposed findings and recommendations."  *See* Fed.R.Civ.P. 72(b)(2) (emphasis added); *see also* 28 U.S.C. §636(b)(1).  Additionally, Local Rule 74.1B requires a party must file a written objection that "specifically identifies the portion or portions of the proposed findings, recommendations or report to which objection is made, the basis for such objection and a written memorandum in support therefore." (emphasis added).  Thus, under Rule 72(b)(3), a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." (emphasis added).

The Fifth Circuit has recognized the requirement that parties filing objections must

specifically identify those findings objected to, and has further stated "[f]rivolous, conclusive or general objections need not be considered by the district court." *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Services Auto Assoc.*, 79 F.3d 1415 (5th Cir. 1996). *See also Hebert v. La. Licensed Professional Vocational Rehab. Counselors*, 2010 WL 1286352, at *1 (W.D. La. Mar. 30, 2010) (Doherty, J.) (denying objection to magistrate judge's report and recommendation where plaintiff did not lodge proper objection and Court could not discern basis for objection).

In the instant case, the plaintiff only generally objects to the overall conclusion of the magistrate judge, essentially re-asserting the arguments she made to the magistrate judge, and identifying neither specific errors of fact nor errors of law committed by the magistrate judge. As such, this Court concludes the plaintiff has not properly objected to any specific error on the part of the magistrate judge, and the plaintiff's Objection is entitled to only a cursory review. Nevertheless, even if this Court were to conduct a *de novo* review of the magistrate judge's Report, this Court would conclude the magistrate judge did not err, and the plaintiff's claims, couched as they are under state law, must be dismissed.

## II.    Factual and Procedural Background

The factual and procedural background were set forth in the magistrate judge's Report, as follows:

> The lawsuit was originally filed in the 15th Judicial District Court, Lafayette Parish, Louisiana. (Rec. Doc. 1-2 at 2-5). In her complaint, the plaintiff, Amelia Simon, alleges that, from 2008 through 2011, she was covered by a health insurance policy issued by Tower Life Insurance Company and provided by her husband's employer, Smith International, Inc. (Rec. Doc. 1-2 at ¶¶ 2, 13). In its responsive pleadings, the defendant established that Smith International established a self-funded group medical plan and acted as both the sponsor and administrator of the

3

plan. (Rec. Doc. 13-2 at 5). Tower Life was the plan's claims administrator (Rec. Doc. 13-2 at 5), and defendant Express Scripts, Inc. ("ESI") served as the plan's pharmacy benefit manager. (Rec. Doc. 13-2 at 65).

The plaintiff alleges that, in 2006, she was diagnosed with a thyroid disease, manic depression, and schizophrenia bipolar disorder. (Rec. Doc. 1-2 at ¶ 3). In 2011, ESI allegedly began to deny her requests that valid prescriptions be filled. (Rec. Doc. 1-2 at ¶ 4). She claims that ESI was negligent in failing to fill her prescriptions (Rec. Doc. 1-2 at ¶ 8), breached a contract with her by failing to timely fill her prescriptions (Rec. Doc. 1-2 at ¶ 12), and caused resulting damages (Rec. Doc. 1-2 at ¶¶ 9-11, 15).

The defendants removed the action, alleging that the court has subject-matter jurisdiction because there is a federal question under ERISA, and alternatively, because the parties are diverse in citizenship and the amount in controversy exceeds the statutory threshold. (Rec. Doc. 1). ESI then filed a motion to dismiss the ·plaintiff's claims, asserting that all of the claims are purported to be state-law claims that are preempted by ERISA and consequently must be dismissed, leaving the plaintiff's sole remedy – if any – under ERISA. (Rec. Doc. 13). Tower Life filed a similar motion to dismiss. (Rec. Doc. 14). The plaintiff then filed a motion to voluntarily dismiss her claims against Tower Life (Rec. Doc. 20), which was granted (Rec. Doc. 24).

The plaintiff also filed a motion to remand, implicitly arguing that the dismissal of her claims against Tower Life precluded federal-question jurisdiction and that the amount in controversy was less than necessary to support diversity jurisdiction. (Rec. Doc. 22). The undersigned found that, at the time of removal, the plaintiff's claim against Tower Life provided the court with subject-matter jurisdiction based on a federal question, and the motion to remand was denied. (Rec. Doc. 33). Diversity jurisdiction was not evaluated. (Rec. Doc. 33). Now, the undersigned must determine whether the plaintiff's claims under state law are preempted by ERISA, and consequently, should be dismissed.[2]

The instant motion to dismiss was referred to the magistrate judge for report and recommendation.  The magistrate judge issued his Report on June 11, 2013 [Doc. 38].  In his Report, the magistrate judge concluded the plaintiff's claims for relief (asserted as negligence and breach of contract claims), which arise from ESI's alleged failure to fill plaintiff's prescription, relate to benefits that are allegedly due to the plaintiff under her health benefit plan.  As such, the magistrate

---

[2] *See* Report and Recommendation, Doc. 38, at pp. 2-4.

4

judge concluded the plaintiff's claims relate to the administration of benefits under her employee benefit plan, and the plaintiff's state law claims are therefore preempted by ERISA.  Because the plaintiff has alleged her claims under state law, and not ERISA, the magistrate judge concluded the plaintiff's state law claims must be dismissed as preempted.  However, the magistrate judge recommends this Court allow the plaintiff to amend her complaint to re-state her claims under ERISA before dismissing the entire case.

The plaintiff objects to the magistrate judge's finding that her claims arise under ERISA, arguing her "cause of action arose solely out of defendant's negligence and/or intentional tort" in denying her request to fill her prescriptions despite her presenting a valid prescription, and her cause of action is "not predicated upon or related to the type of benefit plan" she had.

This Court has made a *de novo* determination of the entirety of the magistrate judge's Report and makes the following conclusions.

## III.    Legal Analysis

In her complaint filed in state court, the plaintiff sued both ESI and Tower Life Insurance Company ("Tower').  The plaintiff alleges Tower is "her husband's employer's insurance provider."[3] According to her complaint, the plaintiff presented certain prescriptions to ESI, which, at some unspecified time, "began to deny petitioner's requests to fill her prescriptions despite her presentment of a valid prescription."[4]  The plaintiff couches her claims against ESI as negligence and breach of contract claims.[5]

---

[3] Tower has since been voluntarily dismissed from this lawsuit. *See* Rec. Doc. 24.

[4] *See* Plaintiff's Complaint, Doc. 1, ¶4.

[5] Nevertheless, in her complaint, the plaintiff cites to no statute, codal article, or other body of Louisiana law governing her "state law claims."

Contrary to what the plaintiff argues in her briefs, *ESI is not a pharmacy*. Rather, ESI is what is known in the industry as a "pharmacy benefit manager" or "PBM," which is a third party administrator of prescription drug programs. PBMs are primarily responsible for processing and paying prescription drug claims.[6] As the magistrate judge noted, the plaintiff is alleging that she was denied certain prescription benefits by ESI. Importantly, the plaintiff is *not* alleging pharmacy negligence, such as a lost or forgotten prescription. Rather, the plaintiff is complaining about the denial of a plan benefit – her right to fill prescriptions under her husband's employee benefit plan.

District courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. A claim arises under federal law if it satisfies the "well-pleaded complaint" rule, which requires that a federal question must appear on the face of the complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Here, the plaintiff has alleged state law claims of negligence and breach of contract, and thus no federal claim appears on the face of the complaint. There is an exception, however, to the well-pleaded complaint rule: "when a federal statute wholly displaces the state-law cause of action." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2005), *cited in Malbrough v. Kanawha Ins. Co.*, 2012 WL

---

[6] The following multi-district litigation case, involving ESI, explains the role played by PBMs:

"PBMs are the 800-pound gorillas of pharmaceutical reimbursement." *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 230 F.R.D 61, 71 (D.Mass.2005). PBMs operate as third-party administrators; hired to design, manage, and administer prescription drug benefit programs; e.g., establish relationships and negotiate with drug manufacturers, establish pharmacy networks for dispensing drugs, determine coverage eligibility and co-payments, manage formularies and formulary compliance, and operate mail order prescription and specialty drug dispensaries.

*See In re Express Scripts, Inc.*, 2008 WL 1766777, *2 (E.D.Mo. 2008) (Limbaugh, J.) (Internal citations omitted).

6

4856061 (W.D. La. 2012) (Minaldi, J.).  ERISA is such a statute.  *Id.*

The magistrate judge first concluded the employee benefit plan at issue – the one through which the plaintiff obtained prescription benefits from ESI – is an ERISA plan, a fact no party disputes.  The magistrate judge then concluded the plaintiff's claims of negligence and breach of contract – couched under, presumably, Louisiana state law, despite the lack of a citation to a specific governing law in the plaintiff's complaint – are, in fact, claims for benefits under Section 502(a)(1)(B) of ERISA.[7]  As such, the magistrate judge concluded the foregoing claims are preempted, and the plaintiff's state law claims must be dismissed.

Judge Minaldi succinctly explained the two forms of ERISA preemption in *Malbrough*:

> There are two forms of ERISA preemption. First, in **complete preemption**, "*any state cause of action that seeks the same relief as a cause of action authorized by ERISA §502(a), 'regardless of how artfully pleaded as a state action,' is completely preempted*."  Thus, state claims are completely preempted if they fall within the scope of §502(a), which authorizes participants or beneficiaries *to file civil actions to recover benefits*, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to future benefits, and enjoin violations of ERISA. If complete preemption exists, therefore, the state claims are subject to removal under federal question jurisdiction, and ERISA offers the sole framework for relief. See id.
>
> The second form of ERISA preemption, known as **"conflict" preemption**, exists when a state law claim falls outside of the scope of §502's civil enforcement provision, but still "relates to" the plan under §514.  The presence of conflict

---

[7] Section 502(a)(1)(B) states:

(a) Persons empowered to bring a civil action

A civil action may be brought--

(1) by a participant or beneficiary--

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . . .

29 U.S.C. §1132(a)(1)(B).

7

preemption does not establish federal question jurisdiction like complete preemption under §502 (in which a state cause of action is transformed into a federal one), but rather serves as a defense to a state action. . . .

2012 WL 4856061, at *3 (emphasis added) (internal citations omitted).  *See also McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) ( "complete preemption exists when a remedy falls within the scope of or is in direct conflict with ERISA §502(a)."). The Fifth Circuit has held "[t]he set of claims described in §502(a) [and complete preemption] will rarely, if ever, differ from the set of claims that 'relate to' an ERISA plan under §514(a)."  *Gulf Coast Plastic Surgery v. Standard Ins. Co.*, 562 F.Supp.2d 760, 765 (5th Cir. 2008).

In *Aetna Health v. Davila*, 542 U.S. 200 (2004), the plaintiffs brought state law claims for physical injuries allegedly suffered after they were denied benefits by their employee benefits plans. The United States Supreme Court held the plaintiff's state law claims were completely preempted by Section (a)(1)(B) of ERISA, because the plaintiffs "complain only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans." 542 U.S. at 211.  The Court stated:

> Davila also alleges that after his primary care physician prescribed Vioxx, Aetna refused to pay for it. *The only action complained of was Aetna's refusal to approve payment for Davila's Vioxx prescription.*  Further, the only relationship Aetna had with Davila was its partial administration of Davila's employer's benefit plan.
>
> [ . . . ]
>
> It is clear, then, that respondents complain only about denials of coverage promised under the terms of ERISA-regulated employee benefit plans. Upon the denial of benefits, respondents could have paid for the treatment themselves and then sought reimbursement through a §502(a)(1)(B) action, or sought a preliminary injunction . . . .

*Id.* at 211-12. Ultimately, the Court concluded the respondents' state cause of action for negligence

fell within ERISA's §502(a)(1)(B) and were therefore completely preempted by ERISA §502.

In explaining complete preemption, the United Supreme Court stated in *Davila*:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA §502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA §502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA §502(a)(1)(B).

542 U.S. at 211 (internal citation omitted).

In the instant case, it is unclear to this Court whether the magistrate judge concluded the plaintiff's state law claims are subject to complete preemption or conflict preemption. However, based upon the record before the Court, it is clear the plaintiff's claims are completely preempted by ERISA. Here, the plaintiff claims she was damaged by ESI's refusal to refill her prescriptions and alleges negligence and breach of contract claims against ESI. However, *notwithstanding how the plaintiff has pled her claims*, it is clear the plaintiff's claims *seek the same relief as a cause of action for denial of benefits*. That is, the plaintiff is seeking damages for denial of a benefit provided by virtue of her employee benefit plan – prescription drugs – and the plaintiff cannot avoid the exclusive sphere of ERISA by couching her claim in terms negligence and/or breach of contract. Indeed, the plaintiff is seeking a benefit to which she is entitled only *because of* her health benefit plan, and her arguments to the contrary – that her claims have nothing to do with a health benefit plan – are belied by the express language of her complaint. In Paragraph 12 of her Complaint, the plaintiff's alleges:

12.

9

Petitioners allege on information and belief that <u>there was an **existing contract**</u> <u>between Express Scripts, Inc. and petitioner, and that Express Scripts, Inc. breached</u> <u>said contract when it failed to timely fill petitioner's prescriptions upon plaintiff's</u> <u>presentment and defendant's acceptance of a valid prescription.</u>[8]

The "contract" to which the plaintiff refers can only be the ERISA plan document issued by the benefit plan, which would outline any prescription benefits to which the plaintiff might be entitled under the terms of the employee benefit plan at issue. Thus, the plaintiff appears to invoke the very contract – the plan document that defines her benefits – in arguing she is *not* seeking benefits pursuant to an employee benefit plan. Nevertheless, no matter how she words her breach of contract claim, *because the plaintiff's breach of contract claim seeks benefits the plaintiff alleges she was denied (pursuant to a contract)*, her breach of contract claim is, in fact, a claim for benefits under §502(a)(1)(B) and is preempted by ERISA.

Similarly, because the plaintiff's negligence claim is essentially a claim alleging the plaintiff was entitled to benefits (prescriptions) she did not receive, the claim is a claim for benefits under §502(a)(1)(B. This Court would note that, despite stating her claim in terms of negligence, *the plaintiff has identified no independent <u>legal duty</u> on the part of ESI to provide her with prescription drugs*. Indeed, the plaintiff's alleged entitlement to prescriptions drugs from ESI was due – as she alleged in her complaint – to her contract with ESI. The Supreme Court has made clear that "where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA §502(a)(1)(B)." *Davila*, 542 U.S. at 210. Therefore, the plaintiff's negligence claim against ESI is also completely preempted by ERISA and is, therefore, subject to dismissal as pled.

---

[8] *See* plaintiff's Petition for Damages, Doc. 1, at ¶12 (emphasis added).

10

This Court's conclusion is bolstered by Fifth Circuit jurisprudence.  The Fifth Circuit has consistently held state law claims are preempted when the claims "addresses [plaintiff's] right to receive benefits under the terms of an ERISA plan." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000).  *See also Haynes v. Prudential Health Care*, 313 F.3d 330, 337 (5th Cir. 2002) (holding plaintiff's negligence claim based on HMO's adverse determination was preempted by ERISA because the claim involved the administration of benefits under the plan); *Altimari v. Sun Life Assurance Co. of Canada*, 654 F. Supp. 2d 553, 557 (E.D. Tex. 2009) (Clark, J.) (holding state law claims including breach of contract, promissory estoppel, and negligent misrepresentation were preempted because they addressed plaintiffs' "right to receive benefits under the terms of an ERISA plan"); *Chapman v. Prudential Life Ins. Co. of America*, 267 F. Supp. 2d 569, 580-81 (E.D La. 2003) (Duval, J.) (holding plaintiff's state law claims were preempted because they related to the administration of benefits).

This Court expresses no opinion whatsoever as to whether the plaintiff will be successful in her claims against ESI, or whether ESI is even the proper party defendant in this matter.  Indeed, the foregoing matters are not proper at this stage if the litigation.  All that is before the Court at this time is whether the plaintiff has stated a claim for state law negligence and tort against ESI under the facts presented.  Because it is clear the plaintiff's claims – couched as they are under state law – are completely preempted by ERISA's civil enforcement scheme, the plaintiff's state law claims must be dismissed.

## IV.    Amendment

In *Adobbati v. Guardian Life*, 213 F.3d 638 (5th Cir. 2000), the Fifth Circuit, in an unpublished opinion, addressed the issue of whether a plaintiff, whose complaint is subject to

complete dismissal because all claims pled are state law claims completely preempted by ERISA, should be permitted to amend her complaint to restate her claims under ERISA or whether the state law claims should be dismissed with prejudice.  In *Adobbati*, the plaintiff -- unlike the plaintiff in the instant case – did not file a formal motion to amend his complaint, but did request to amend his complaint in both his response to the defendant's motion to dismiss and in his Objection to the magistrate judge's Report and Recommendation.  The court stated:

> As noted, in summarily adopting the report and recommendation, the district court did not address allowing Adobbati to replead under ERISA, rather than dismissing with prejudice.  Denial of a motion to amend the complaint is reviewed for abuse of discretion.  Leave to amend should be freely granted "when justice so requires."

> Appellees respond that such dismissal was proper, because Adobbati failed to move to amend or submit a proposed amended complaint. They assert also that amendment would be futile, claiming the ERISA limitations period has run.

> Despite the lack of a formal motion, the court should have allowed Adobbati to amend, in the light of his making that request in his response to Appellees' motion to dismiss, and repeating it in his objections to the report and recommendation regarding that motion.  In short, "justice so requires."

213 F.3d at *2 (internal citations omitted).

In the instant case, this Court believes the plaintiff should be given an opportunity to amend her complaint to restate her claims as arising under ERISA.  Considering the foregoing, the plaintiff will be given ten (10) days from the date of this Ruling to file an amended complaint.  If the plaintiff does not file an amended complaint within ten days, the entirety of the plaintiffs's complaint will be dismissed with prejudice.

Considering the foregoing, and after a *de novo* review of the record,

This Court ADOPTS the findings of the magistrate judge in his Report and Recommendation [Doc. 38].  Therefore, IT IS ORDERED that the "Motion to Dismiss Plaintiff's Claims" [Doc. 13]

filed by defendant Express Scripts, Inc. is GRANTED, and the plaintiff's claims – couched as they are under state law – are DENIED AND DISMISSED, without prejudice to the plaintiff to amend her complaint to re-state her claims under ERISA.  Consequently, the case is not closed at this juncture, for the reasons more fully discussed hereinabove.

IT IS FURTHER ORDERED that the plaintiff has ten (10) day from the date of this Ruling within which to amend her complaint to re-state her claims under ERISA.  Should the plaintiff not filed her amended complaint with the prescribed period, the entirety of her complaint will be dismissed with prejudice, and this matter will be closed.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _23_ day of September, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

13