UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

AMELIA SIMON                               CIVIL ACTION NO. 6:13-cv-00187

VERSUS                                     JUDGE DOHERTY

EXPRESS SCRIPTS, INC. AND                  MAGISTRATE JUDGE HANNA
TOWER LIFE INSURANCE COMPANY

## REPORT  AND  RECOMMENDATION

Pending before the Court is defendant Express Scripts, Inc.'s motion to dismiss the plaintiff's amended complaint.  (Rec. Doc. 44).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  (Rec. Doc. 46). The motion is unopposed.  For the following reasons, the undersigned recommends that the motion be granted and the plaintiff's amended complaint be dismissed.

### BACKGROUND

This lawsuit was originally filed in the 15th Judicial District Court, Lafayette Parish, Louisiana.  (Rec. Doc. 1-2 at 2-5).  In her original complaint, the plaintiff, Amelia Simon, alleged that, from 2008 through 2011, she was covered by a health insurance policy issued by Tower Life Insurance Company and provided by her husband's employer, Smith International, Inc.  (Rec. Doc. 1-2 at ¶¶ 2, 13).  In

responsive pleadings, the defendant showed that Smith International established a self-funded group medical plan and acted as both the sponsor and administrator of the plan.  (Rec. Doc. 13-2 at 5).  Tower Life was the plan's claims administrator (Rec. Doc. 13-2 at 5), and defendant Express Scripts, Inc. ("ESI") served as the plan's pharmacy benefit manager.  (Rec. Doc. 13-2 at 65).

The plaintiff alleged that, in 2006, she was diagnosed with a thyroid disease, manic depression, and schizophrenia bipolar disorder.  (Rec. Doc. 1-2 at ¶ 3).  In 2011, ESI allegedly began to deny her requests that valid prescriptions be filled. (Rec. Doc. 1-2 at ¶ 4).  She claims that ESI was negligent in failing to fill her prescriptions (Rec. Doc. 1-2 at ¶ 8), breached a contract with her by failing to timely fill her prescriptions (Rec. Doc. 1-2 at ¶ 12), and caused resulting damages (Rec. Doc. 1-2 at ¶¶ 9-11, 15).

The defendants removed the action, alleging that this Court has subject-matter jurisdiction because there is a federal question under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and alternatively, because the parties are diverse in citizenship and the amount in controversy exceeds the statutory threshold.  (Rec. Doc. 1).  ESI then filed a motion to dismiss the plaintiff's claims, asserting that all of the claims are purported to be state-law claims that are preempted by ERISA and consequently must be dismissed, leaving the

plaintiff's sole remedy – if any – under ERISA.  (Rec. Doc. 13).  Tower Life filed a similar motion to dismiss.  (Rec. Doc. 14).  The plaintiff then filed a motion to voluntarily dismiss her claims against Tower Life (Rec. Doc. 20), which was granted (Rec. Doc. 24).

The plaintiff also filed a motion to remand, implicitly arguing that the dismissal of her claims against Tower Life precluded federal-question jurisdiction and expressly arguing that the amount in controversy was less than necessary to support diversity jurisdiction.  (Rec. Doc. 22).  The undersigned found that, at the time of removal, the plaintiff's claim against Tower Life provided the Court with subject-matter jurisdiction based on a federal question, and the motion to remand was denied. (Rec. Doc. 33).  Diversity jurisdiction was not evaluated.  (Rec. Doc. 33).

ESI's motion to dismiss was referred to the undersigned for report and recommendation.  (Rec. Doc. 19).  The undersigned concluded that the plaintiff's claim against ESI was a claim related to an employee benefit plan seeking the recovery of benefits from the plan and accordingly found that the claim was preempted by ERISA.  The undersigned recommended that ESI's motion to dismiss be granted, that the plaintiff's state law claims against ESI be dismissed, and that the plaintiff be given an opportunity to amend her complaint to restate her claims under ERISA.  (Rec. Doc. 38).

After considering objections to the report and recommendation, the district court adopted the magistrate judge's findings and afforded the plaintiff an opportunity to amend her complaint to restate her claims under ERISA.  (Rec. Doc. 42).

The plaintiff filed an amended complaint.  (Rec. Doc. 43).  ESI responded with the instant motion to dismiss.  (Rec. Doc. 44).  The undersigned must now determine whether the amended complaint states a valid ERISA claim against ESI.

## ANALYSIS

### A.   THE STANDARD FOR ANALYZING A RULE 12(B)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim, under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]   The court may consider only the contents of the pleadings, including any attachments,[2] and must accept all well-pleaded facts as true, viewing them in a light most favorable to the plaintiff.[3]   Conclusory allegations and unwarranted deductions of fact need not be accepted as true.[4]

_____

[1]    *Ramming v. United States*, 281 F.3d 158, 161 (5ᵗʰ Cir. 2001).

[2]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5ᵗʰ Cir. 2000).

[3]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5ᵗʰ Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5ᵗʰ Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5ᵗʰ Cir. 1996).

[4]    *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5ᵗʰ Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5ᵗʰ Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[5]  Detailed factual allegations are not necessary, but the plaintiff must allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible."[6]  A claim is facially plausible "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[8]

State-law claims that are preempted by ERISA are "subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6),"[9] and the claims asserted in the plaintiff's original complaint were dismissed on that basis.  The undersigned must now

---

[5]       *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[6]       *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[7]       *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

[8]       *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

[9]       *Dickens v. Prudential Ins. Co. of America*, No. Civ. A 05-1785, 2006 WL 845601, at *3 (W.D. La. Mar. 28, 2006).  See, also, *McNeil v. Time Ins. Co.*, 205 F.3d 179, 191 (5th Cir. 2000) (affirming the district court's dismissal of state-law claims that were preempted by ERISA); *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990) (same).

determine whether the claims asserted in the amended complaint are also preempted by ERISA or if a valid ERISA claim has been articulated.

**B.   THE CLAIMS ASSERTED IN THE PLAINTIFF'S AMENDED COMPLAINT ARE PREEMPTED BY ERISA**

ESI argues that the plaintiff's amended complaint reiterates the state-law claims already dismissed as preempted by ERISA without properly asserting an ERISA claim.   The undersigned previously found that the plan established by Smith International qualifies as an ERISA plan because it (1) exists, (2) does not fall within the safe-harbor exclusion, and (3) was established or maintained by an employer for the purpose of benefitting the plan participants.  (Rec. Doc. 38).  ESI now argues that there are four reasons why the amended complaint should be dismissed for failing to state an ERISA claim:  (1) the amended complaint fails to allege sufficient facts; (2) the amended complaint does not seek a remedy available under ERISA; (3) the amended complaint seeks the recovery of damages not available under ERISA; and (4) ESI is not a proper defendant under ERISA.  Each of those arguments will be considered in turn.

**A.   THE AMENDED COMPLAINT LACKS THE NECESSARY FACTUAL SPECIFICITY**

Although the Fifth Circuit has not articulated a requirement that a person bringing an ERISA claim must identify the specific plan provision that confers the

benefit in question, district courts in this circuit have done so,[10] and complaints that "merely assert that the services were covered, without identifying the plan provisions that entitle plaintiffs to payment"[11] have been dismissed for failure to state a claim.[12] In this case, the plaintiff alleges that ESI failed to fill "her prescription despite Petitioner's presentment of a valid prescription to defendant, the claim administrator's willingness to pay the claim, and ESI's acceptance of Petitioner's prescriptions." (Rec. Doc. 43 at 2).  The plaintiff does not identify the plan provision that makes her prescriptions "valid" or otherwise entitle her to prescription benefits.  Accordingly, the plaintiff has failed to provide the type of specificity necessary to assert a cognizable ERISA claim.

---

[10]    *See*, e.g., *Paragon Office Servs., LLC v. United Healthcare Ins. Co.*, No. 11-CV_2205-D, 2012 WL 5868249, at *2-3 (N.D. Tex. 2012).

[11]    *Paragon v. United Healthcare*, 2012 WL 5868249, at *3.

[12]    See, also, *Slater v. Southwest Research Inst*, No. SA-12-CV-01205-XR, 2013 WL 2896868, at *4 (W.D. Tex. June 11, 2013) (granting motion to dismiss because petition "does not mention any provision of ERISA" and does not explain how factual allegations "support a claim for relief under ERISA"); *Center for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of LA*, No. 11-806, 2013 WL 5519320, at *1 (E.D. La. Sept. 30, 2013) (ERISA claimant must "identify the plan terms Defendants have breached"); *Electrostim Med. Servs. v. Health Care Serv. Corp.*, 2013 WL 3989582, at *11 (S.D. Tex. Aug. 2, 2013) (dismissing ERISA claim because plaintiff "failed to identify a plan term that makes its claims eligible for reimbursement.").

**B.**    **THE AMENDED COMPLAINT DOES NOT SEEK A REMEDY AVAILABLE UNDER ERISA**

The only remedy afforded to a beneficiary who has been denied benefits under an ERISA plan is a suit to recover plan benefits.  Section 502(a)(1)(B) states:  "A civil action may be brought – (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  But the plaintiff's amended complaint does not seek the recovery of plan benefits.  Instead, it seeks the recovery of compensatory damages for ESI's alleged "violation of ERISA and other acts of negligence and fault."  (Rec. Doc. 43 at 4).

The Fifth Circuit has explained that "the relief provided by § 502(a)(1)(B) – the right to sue to receive benefits (or reimbursement for payments made) – is exclusive of other remedies."[13]  Since the relief sought in the amended complaint is not relief available under ERISA, an ERISA claim has not been stated in the amended complaint.  Accordingly, the undersigned finds that the amended complaint fails to state a valid ERISA claim.

---

[13]    *Hamann v. Independence Blue Cross*, 2013 WL 5227085, at *2 (5th Cir. Sept. 18, 2013).

## C.   THE AMENDED COMPLAINT SEEKS THE RECOVERY OF DAMAGES NOT AVAILABLE UNDER ERISA

In the amended complaint, the plaintiff seeks to recover damages for physical and mental injuries including damages for alleged mental anguish, emotional distress, emotional trauma, physical and mental pain and suffering, anxiety, loss of enjoyment of life, and medical expenses.  (Rec. Doc. 43 at 3-4).  But extra-contractual and compensatory damages are not recoverable in an ERISA action.[14]  Therefore, courts in the Fifth Circuit have held that the types of damages sought by the plaintiff in this case are not available under ERISA, and claims seeking such damages have been dismissed.[15]  The plaintiff's amended complaint should similarly be dismissed.

## D.   ESI IS NOT A PROPER DEFENDANT UNDER ERISA

An ERISA claim must be asserted against the party that controls administration of the plan.[16]  That party usually is the plan itself or the designated plan administrator,

---

[14]     *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32 (5th Cir. 1993).

[15]     See, e.g., *Corcoran v. United HealthCare, Inc.*, 965 F.2d 1321, 1338 (5th Cir.1992) (holding that emotional distress and mental anguish are not recoverable in an ERISA civil enforcement action); *DuBois v. Wal-Mart Stores, Inc.*, No. 05-0433, 2005 WL 1801977, at *2 (W.D. La. July 28, 2005) (dismissing claims for punitive damages and emotional distress); *Sorensen v. FedEx Kinko's Office and Print Services, Inc.*, No. SA06CA416-FB, 2006 WL 3779783, at *2 (W.D. Tex. Oct. 19, 2006) (citing authority for the proposition that ERISA does not permit the recovery of back pay, mental anguish, emotional distress, physical pain and suffering, front pay, damages related to the plaintiff's credit standing, loss of enjoyment of life, inconvenience, out of pocket expenses, or punitive damages.)

[16]     *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs., Inc.*, 703 F.3d 835, 845 (5th Cir. 2013).

although another party may be sued if it exercises actual control over the claims process.[17]

In this case, Smith International is the plan sponsor, plan administrator, and named fiduciary, and Tower Life is the claims administrator.  ESI is the pharmacy benefit manager.  The plan administrator – Smith International – is vested with control over the plan.  The plan states that "[t]he Plan Administrator will have maximum legal discretionary authority to construe and interpret the terms and provisions of the Plan, to make determinations regarding issues which relate to eligibility for benefits. . ., to decide disputes which may arise relative to a covered person's rights, and to decide questions of Plan interpretation and those of fact relating to the Plan."  (Rec. Doc. 44-2 at 6.) Here, the plaintiff does not allege that ESI exercised any control over the plan.  To the contrary, the plaintiff alleges that ESI failed to fill her prescriptions even though the claim administrator was willing to pay the claim, suggesting that the claims administrator controlled benefit determination. By failing to sue the claims administrator, the plaintiff has failed to assert a claim for benefits under ERISA, and her complaint should therefore be dismissed.

---

[17]     *LifeCare Mgmt. v. Ins. Mgmt. Adm'rs.*, 703 F.3d at 845.

## CONCLUSION

The undersigned finds that the plaintiff's amended complaint fails to state a claim against ESI under ERISA.   The amended complaint lacks the necessary specificity, it seeks a remedy not provided by ERISA, it seeks the recovery of damages not recoverable under ERISA, and the wrong party was sued.   Accordingly, the undersigned recommends that ESI's motion to dismiss (Rec. Doc. 44) be granted and that the plaintiff's claims against ESI be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

-11-

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on January 9, 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE